```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X    Case No. 16-CV-05504
CANDACE BUTTS,                                                                  (NGG-RML)

                              Plaintiff

-against-


NEW YORK CITY DEPARTMENT OF EDUCATION,
JUSTINE BRETAGNA, JON MESSINGER, CONNIE
HAMILTON, and MICHAEL SOLO,

                              Defendants
------------------------------------------------------------------
```

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DOE DEFENDANTS' MOTION TO DISMISS COMPLAINT

## PRELIMINARY STATEMENT

Plaintiff CANDACE BUTTS ("BUTTS" or "Plaintiff"), through counsel, hereby submits this memorandum of law in opposition to the motion of the Municipal Defendants, pursuant to Rule 12(b) (6), of the Federal Rules of Civil Procedure, to dismiss the Amended Complaint in this action for failure to state a claim upon which relief can be granted. Plaintiff asserts three claims in the Amended Complaint against the Municipal Defendants. These claims are brought pursuant to 42 U.S.C. §§1981 and 1983 and the New York City Human Rights Law. ("NYCHRL").

The Municipal Defendants contend that the claims should all be dismissed against all of them because: 1) Plaintiff is unable to establish any connection between an adverse employment action and illegal treatment; 2) Plaintiff cannot establish that she engaged in protected speech in that she cannot

1

show that her speech involves a matter of public concern; 3) that, even if Plaintiff could establish that she engaged in protected speech, she has not sufficiently alleged a causal connection between her speech and any adverse action; 4) that Plaintiff cannot show that race was a motivating factor in her race discrimination claim; 5) that Plaintiff cannot show the personal involvement of Mr. Messinger and Ms. Hamilton in the deprivations which she alleges; and 6) Plaintiff's failure to plead a *Monell* policy with regard to DOE.

To provide support for their motion to dismiss, the Municipal Defendants have taken liberty with the facts pleaded by the Plaintiff in her Amended Complain; they have either included facts which are untrue or misinterpreted the pleaded facts. For example, the Municipal Defendants assert that Plaintiff 'claims that on February 2, 2016, Ms. *Bretagna reassigned plaintiff for one week* from a 1:1 paraprofessional to a classroom paraprofessional and that plaintiff "made it clear" to Ms. Bretagna that such action contravened the subject student's IEP and civil rights." (Emphasis added). Municipal Defendants' Memo of Law, at 4-5. In fact, Ms. Bretagna added the position of classroom paraprofessional to Plaintiff's schedule taking Plaintiff away always from her 1:1 student for one period a day which was a violation of the student's IEP. Butts' Declaration dated June 23, 2017., ¶ ;Am. Compl.,

As this memorandum of law will demonstrate, excepting the argument based upon the failure to plead a *Monell* policy, the Municipal Defendants' arguments are without merit.

## STATEMENT OF FACTS

The factual predicate for the claims in this action and the opposition to the Municipal Defendants' motion will be found in the Amended Complaint (ECF Doc. 21).

# **LEGAL STANDARDS GOVERNING MOTIONS TO DISMISS COMPLAINT**

Rule 12(b)(6) upon which the Municipal Defendants rely for their motion deals with failure to state a claim upon which relief can be granted. A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), requires the court to examine the legal, rather than the factual sufficiency of a complaint. *See Harris v. Mills,* 572 F.3d 66, 71 (2d Cir. 2009). As required by Fed. R. Civ. P. 8 (a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 663, 129 S. Ct. 1937, 173 L. Ed2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual contents that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twonbly*, 550 U.S. at 556).

In deciding a Rule 12(b)(6) motion, the court must take factual allegations in the complaint to be true and draw all inferences from those allegations in the light most favourable to plaintiff. *United States v. The Baylor Univ. Med. Ctr.*, 469 F.3d 263, 267 (2d Cir. 2006); *See also Harris*, 572 F.3d at 71 (citations omitted). Further, a district court must limit itself to the facts stated in the complaint *or in documents attached to the complaint as exhibits or incorporated in the complaint by reference*." (Emphasis added). *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.,* 102 F.3d 660, 662 (2d Cir. 1996). There are a few limited exceptions to this rule which do not apply here.

The Municipal Defendants have wholly ignored these controlling legal standards by submitting affidavits in which they referenced facts which Plaintiff has not included or incorporated by reference into the Amended Complaint. Applying the appropriate governing standards to the Amended Complaint herein makes clear that Plaintiff has given the required fair notice to the Municipal Defendants of what her claims against the Municipal Defendants are and the grounds upon which those claims rest.

ARGUMENTS

POINT I

PLAINTIFF VIABLY ALLEGED UNLAWFUL RETALIATION

**A. Plaintiff's First Amendment Claim is Properly Pleaded**

Defendants have failed to demonstrate that Plaintiff made any statement at issue in this action "pursuant to her official duties." Plaintiff is not a union representative and it is not part of the official duties of Plaintiff, as a paraprofessional, to speak on behalf of her fellow paraprofessionals with regard to the excessing of those paraprofessionals. Plaintiff was not affected by the excessing and based upon Plaintiff's seniority, Plaintiff's job as a paraprofessional at JDHS was secure.

Moreover, when Plaintiff spoke about the violation of the IEP and civil rights of minority students, she was not complaining about her own personal employment situation. Nor did her job responsibilities include speaking out about school administration's violation of the civil rights of minority students generally. Plaintiff's employment benefits are not determined by whether she is assigned as a classroom paraprofessional or 1:1 paraprofessional. Therefore, when Plaintiff spoke about these things, she spoke as a

concerned citizen on matters of public interest. Defendants have not shown in what way Plaintiff's job was at risk by her not speaking out. The cases cited by the Defendants have no application to the facts of the case at bar. For example, Defendants cite *Ezekwo v. New York City Health & Hosps. Corp*., 940 F.2d 775, 781 (2d Cir. 1991), for the proposition that where a doctor complained about a hospital residency program, while the quality of such program may affect the public, the doctor was not concerned with the public welfare but rather her own employment circumstances.

 *Ezekwo* is distinguishable from the case at bar. In Ezekwo, the communications at issue involved the personal aspirations of the plaintiff in the residency program which she was communicating about. In other words, she stood to gain or lose as a result of the issue she was communicating about. Therefore, she was not speaking as a citizen on a matter of public interest but as a public employee. On the contrary, this case is more akin to *Cotarlo v. Sleepy Hollow Police Dep't*. 460 F.3d 247, 252 (2d Cir. 2006), where comparable complaints were considered peach on a matter of public concern.

 Defendants make the rather silly argument that Plaintiff never applied for the Community Coordinator position to which Ashley was promoted citing *Brown v. Coach Stores, 163* F.3d 706, 710 (2d Cir. 1998). The very fact of Defendants' failure to post the position made it impossible for Plaintiff to have applied for the position just like everyone else who never had the opportunity. How could Plaintiff have applied for a position she never knew was available? The *Brown* case which Defendant cited is distinguishable in that it talks of applying for an 'available' position.

 Defendants concede that there is no bright line rule with regard to the temporal proximity of the protected speech and adverse employment action. The span of four months

in the case at bar pales in comparison with the eighth month span in *Grant v. Bethlehem Steel Corp,* 622 F.2d 43, 45-46 (2d Cir. 1980) which was found to indicate a causal connection.

### B. Plaintiff's Equal Protection Retaliation Claim is Viable

Defendants again cite cases without showing how those cases apply to the specific facts of the case at bar. Defendants engage in speculation without making the requisite showing of entitlement as a matter of law. It should always be borne in mind that the court must always take the factual allegations in the complaint to be true and draw all inferences from those allegations in the light most favourable to plaintiff. If this principle is adhered to, it becomes obvious that Defendants have failed to carry their burden of demonstrating that they are entitled to judgment as a matter of law.

Defendants grudgingly concede that the "plaintiff's alleged complaints and opposition to the claimed discriminatory effects of the paraprofessional policy arguably could be considered protected activity. *Se*e Memo of Law, at p. 13.

### C. Plaintiff's CHRL Retaliation Claim is Viable

The circuitous arguments of Defendants are unavailing. The state the law correctly but fail to demonstrate that the facts pleaded support their entitlement as a matter of law. In light of the broader interpretation given to CHRL retaliation claim than that given to federal retaliation claims, it is evident that if the federal claims are viable, the City claims are viable also.

## POINT II

### PLAINTIFF PROPERLY ALLEGED UNLAWFUL DISCRIMINATION

Plaintiff pleaded that she is a member of a protected class: African American. She pleaded that she is a paraprofessional like Ashley i.e. that she is qualified like Ashley for the position of Community Coordinator to which Ashley was promoted without posting. She pleaded that she was not given the opportunity to apply for the position which is was not posted. And finally, she pleaded facts which suggest in inference of discriminatory intent. Bretagna, who is White, helped Ashley, who is White, get into the position ahead of African American paraprofessionals and plaintiff by not posting the position, and ahead of those African Americans who would have had a greater claim to the position than Ashely had she been excessed like her minority colleagues.

It is not the failure to promote to the Community Coordinator position that is key; it the denial of the opportunity to apply for the position in the first place. The critical issue about Ashley as a comparator is that, just like Plaintiff and other minorities at JDHS, she was a paraprofessional at the time that she was advanced to Community Coordinator. Besides, even after excessing minority paraprofessionals, the Defendants hired two White paraprofessionals at JDHS.

## POINT III

### NOTICE OF CLAIM IS NOT REQUIRED FOR CERTAIN CLAIMS

There is no requirement for a notice of claim to be served in order to bring an action against the individual defendants in this action. These individuals are not considered "officer"

within the meaning of Education Law 3813. Therefore, the cases cited by Defendants in their memorandum of law in support of this argument are unavailing.

POINT IV

DEFENDANTS FAIL TO SHOW THAT THE CLAIMS
AGAINST MESSINGER AND HAMILTON MUST FAIL

It is the Defendants' burden to show that they are entitled to a judgment as a matter of law dismissing the Amended Complaint. They have failed to carry this burden and the motion must be denied with motion costs. They have speculated and cited inapposite case law. They have also failed to demonstrate that the pleading in this action falls short of the federal pleading standard.

CONCLUSION

For any of the foregoing reasons, the motion of the Municipal Defendants should be denied with motion costs.

Dated:   New York, New York
         July 23, 2017

                                        **LAW OFFICES OF K.C. OKOLI, P.C**.
                                        Attorneys for Plaintiff
                                        CANDACE BUTTS
                                        330 Seventh Avenue
                                        15th Floor
                                        New York, New York 10001
                                        (212) 564-8152

                                        By: _____/s/_____
                                            K.C. OKOLI, ESQ.

8

**FOR SERVICE ON:**

Matthew J. Connahan
Assistant Corporation Counsel
NYC Law Department
100 Church Street
New York, New York 10007
*Attorney for NYC Department of Education,*
*Justine Bretagna, Jon Messinger and*
*Connie Hamilton*

Lori M. Smith, Esq.
Gregory M. Ainsley, Esq.
New York State United Teachers
50 Broadway, 9th floor
New York New York 10004
*Attorneys for UFT and Michael Solo*